The Honorable Michael R. O'Neal State Representative, 104th District Box 2977 Hutchinson, Kansas 67504-2977
Dear Representative O'Neal:
You request our opinion regarding the actions of the governing body of the City of Langdon in enacting Charter Ordinance No. 112, which you indicate was never filed in the Secretary of State's office. You inquire whether such charter ordinance is effective because of the failure to file.
Charter Ordinance No. 112 exempts the City of Langdon, a city of the third class with a council form of government, from K.S.A. 15-201. That statute provides for the election of a mayor and five council members and also addresses the filling of vacancies in the offices of mayor and council member.
Charter Ordinance No. 112 provides for the election of a mayor andthree council members. In the event of a vacancy in the mayor's office, the Ordinance establishes that the president of the council becomes mayor until the next regular election for that office.
Article 12, § 5(c)(3) of the Kansas Constitution addresses the filing requirement at issue:
 "(3) No charter ordinance shall take effect until sixty days after its final publication. If within sixty days of its final publication a petition signed by a number of electors of the city . . . demanding that such ordinance be submitted to a vote of the electors, it shall not take effect until submitted to a referendum and approved by a majority of the electors voting thereon. [Each] charter ordinance becoming effective shall be recorded by the clerk in a book maintained for that purpose with a statement of the manner of adoption and a certified copy shall be filed with the secretary of state, who shall keep an index of the same." (Emphasis added.)
Our understanding is that Charter Ordinance No. 112 was passed in May of 1995 and published in October of 1995.
Assuming that the Charter Ordinance was published once each week for two consecutive weeks in the official city newspaper,[1]
as required by Article 12, § 5 (c)(2), and that no protest petition was filed, the plain language of subsection (c)(3) of Article 12, § 5 is that the charter ordinance became effective sixty days after its final publication. Moreover, the final sentence in subsection (c)(3) provides that once the charter ordinance is effective, it is recorded by the city clerk and a certified copy filed with the Secretary of State who is required to keep an index of charter ordinances. Consequently, it is our opinion that, absent a protest petition and referendum or some debilitating defect, a charter ordinance is effective sixty days after its final publication regardless whether a certified copy is filed with the Secretary of State. While the Kansas Constitution requires cities to file a copy of all charter ordinances with the Secretary of State, the failure to do so does not affect the date the ordinance becomes effective.
You also inquire about certain actions taken by the Council in February and September of 1999, that addressed vacancies in the offices of mayor and the council. You indicate that ordinary [as opposed to charter] ordinances were enacted in February and September.
After speaking with the City Attorney and reviewing the minutes of the meetings where these alleged ordinary ordinances were purportedly enacted, it appears that an action was taken by motion
in February, 1999, to change the way vacancies were filled and that this action was rescinded by another motion in September.
Regardless whether a motion or an ordinary ordinance was passed changing the manner in which vacancies were filled, Article 12, §5 (c)(4) of the Kansas Constitution provides that a charter ordinance controls over any subsequent act of a governing body and may be amended or repealed only by another charter ordinance or an enactment of the Legislature applicable to all cities. Any attempt by the City to change the way vacancies are filled in the mayor or a council member's office would have to be accomplished by amending Charter Ordinance No. 112, which was not done in either the February or September meetings.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] In the absence of an official city newspaper, a newspaper of general circulation in the city will suffice. Kan. Const., Art. 12, § 5(c)(2).